

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 07-12232 |
| WILLIE ASHLEY, | Chapter 13 |
| Debtor. | Judge Pat E. Morgenstern-Clarren |
| | **MEMORANDUM OF OPINION AND ORDER** |
| | (NOT FOR COMMERCIAL PUBLICATION) |

Attorney Marcus Poole was ordered to disgorge fees in this case. The chapter 13 trustee moves for an order finding Mr. Poole in contempt for failing to comply with that order. (Docket 29). A hearing on the trustee's motion was held on October 23, 2007 and Mr. Poole failed to appear. For the reasons stated below, Mr. Poole is found to be in contempt of court.

### JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### FACTS AND DISCUSSION[1]

This chapter 13 case was filed on April 2, 2007. Attorney Marcus Poole represented the debtor. An order entered on August 30, 2007 required Mr. Poole to disgorge $700.00 in fees to the trustee for reimbursement to the debtor (the Disgorgement Order). (Docket 27). Mr. Poole

---

[1] In the court's view, the value of this opinion is solely to decide the dispute between the parties, rather than to add anything to the general bankruptcy jurisprudence. For that reason, the opinion is not intended for commercial publication.

failed to disgorge the $700.00 to the chapter 13 trustee, and as a result, the trustee asked the court to issue an order holding Mr. Poole in civil contempt.

The trustee's request for a contempt order was heard on October 23, 2007. Mr. Poole did not appear. The issue, therefore, is whether Mr. Poole's failure to comply with the Disgorgement Order constitutes contempt of court.

The court's contempt powers derive from "Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted). Contempt must be shown by clear and convincing evidence that the alleged contemnor violated a definite and specific court order which required the performance or the nonperformance of an act with knowledge of that court order. *Id.* at 497. "Willfulness is not an element of civil contempt and intent to disobey the order is irrelevant." *Id.* The alleged contemnor may defend by showing an inability to comply with the order. *Id.*

Based on the undisputed facts, Mr. Poole is in contempt of this court's Disgorgement Order. Mr. Poole was served with and had knowledge of the order. The terms of the order were specific and required Mr. Poole to disgorge the sum of $700.00 to the trustee for the benefit of the debtor. Mr. Poole failed to appear in opposition to the trustee's motion on October 23, 2007.

These facts clearly and convincingly establish that Mr. Poole had knowledge of the court's Disgorgement Order and failed to comply. Mr. Poole was given adequate notice and an opportunity to be heard on the contempt issue, yet failed to appear and has not provided any explanation for his failure to comply with the court's order. The court finds, therefore, that Marcus Poole is in contempt based on his failure to comply with the Disgorgement Order.

The next issue is the appropriate consequence for Mr. Poole's contempt. The trustee requests a daily fine in the amount of $25.00 until Mr. Poole complies with the Disgorgement Order. A coercive per diem fine is appropriate under the circumstances to encourage compliance with the Disgorgement Order. *Id.* at 498. The totality of the circumstances must be considered in determining the amount of the fine, including these factors:

1. The type of actions that led to the issuance of the [Disgorgement Order], and the consequences of non-compliance with the [Disgorgement Order];

2. The reasons advanced . . . for non-compliance with the [Disgorgement Order] . . . and any good faith issues, even if those factors do not serve as a defense to the contempt charge;

3. Whether [Mr. Poole] expresses an intention to promptly comply with the [Disgorgement Order];

4. The amount of time that has elapsed since the [Disgorgement Order] was entered; and

5. [Mr. Poole's] financial circumstances.

*Id.* (footnote omitted). Marcus Poole was ordered to disgorge the $700.00 almost two months ago. He has not complied with the order and has not provided an explanation for his failure to do so. Mr. Poole failed to appear at the hearing on the trustee's motion. Under these circumstances, a daily fine in the amount of $10.00 is appropriate to encourage Mr. Poole to reconsider his failure to comply with the Disgorgement Order.

\
## **CONCLUSION**

For the reasons stated, the chapter 13 trustee's motion is granted and Marcus Poole is found to be in civil contempt based on his failure to comply with the Disgorgement Order.

Marcus Poole is required to pay a fine in the amount of $10.00 for each additional day that he fails to comply. The fine is to be paid to the Clerk's Office of the United States Bankruptcy Court at Cleveland.

    IT IS SO ORDERED.

/s/ Pat E. Morgenstern-Clarren
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge